# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | | |
|---|---|---|
| JASPEN DEBASE, #91294 | § | |
| | § | |
| v. | § | CIVIL NO. 4:25-CV-829-BD |
| | § | |
| FNU WHALEY, ET AL. | § | |

## MEMORANDUM OPINION AND ORDER

Pro se plaintiff Jaspen DeBase filed a civil-rights action under 42 U.S.C. § 1983. Dkt. 1. The action was assigned to me in accordance with the Standing Order Assigning Prisoner Civil Rights Cases Filed in the Sherman Division to a Magistrate Judge. Dkt. 8. DeBase consented to have a magistrate judge conduct all proceedings, Dkt. 11, and filed a motion for summary judgment, Dkt. 21. The motion will be dismissed as premature.

DeBase sued Officer Whaley and Officer Robinson for alleged injuries resulting from handcuffs that were too tight. Dkt. 3. The officers moved to dismiss based on qualified immunity, Dkt. 16, and the court granted their motion to stay discovery and initial disclosures under Federal Rule of Civil Procedure 26 pending resolution of their qualified-immunity defense, Dkt. 18. The motion to dismiss remains pending.

"Federal courts are permitted to dismiss a summary judgment motion without prejudice if it is filed before any party answers." *Watkins v. Monroe*, No. 6:18CV347, 2019 WL 1869864, at *1 (E.D. Tex. Mar. 27, 2019), *report and recommendation adopted*, 6:18CV347, 2019 WL 1858100 (E.D. Tex. Apr. 25, 2019). In this case, no defendant has filed an answer. The defendants' pending motion to dismiss temporarily preempts the need for them to answer. *See Porter v. Lemire*, No. CV 24-504, 2024 WL 5193756, at *2 (E.D. La. Nov. 5, 2024), *report and recommendation adopted*, No. CV 24-504, 2024 WL 5186591 (E.D. La. Dec. 20, 2024). Thus, DeBase's motion for summary judgment is premature because it was filed before the filing of any answer.

Furthermore, the Fifth Circuit has explained that "[s]ummary judgment assumes some discovery" has been conducted. *Brown v. Miss. Valley State Univ.*, 311 F.3d 328, 333 (5th Cir.

2002); *see also FDIC v. Schrader & York*, 991 F.2d 216, 220 (5th Cir. 1993) ("Summary judgment is appropriate if, after discovery, there is no genuine dispute over any material fact."); *Ala. Farm Bureau Mut. Cas. Co., Inc. v. Am. Fid. Life Ins. Co.*, 606 F.2d 602, 609 (5th Cir. 1979) (concluding that summary-judgment motions should not "ordinarily be granted before discovery has been completed"). For that reason, "courts have denied as premature summary judgment motions filed before the parties have had adequate opportunity to conduct discovery." *Rogers v. McLane*, No. 5:22-CV-130-BQ, 2022 WL 17418978, at *2 (N.D. Tex. Nov. 14, 2022) (collecting cases), *report and recommendation adopted*, No. 5:22-CV-130-C, 2022 WL 17418016 (N.D. Tex. Dec. 5, 2022). Here, the court has stayed all discovery and Rule 26 initial disclosures pending resolution of the defendants' motion to dismiss. Dkt. 18. The court's resolution of the defendants' motion to dismiss will determine what claims, if any, remain to be resolved.

It is **ORDERED** that the motion for summary judgment, Dkt. 21, is **DISMISSED** without prejudice as premature.

So **ORDERED** and **SIGNED** this 16th day of October, 2025.

_____
Bill Davis
United States Magistrate Judge

2